UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL WAYNE CARRUTHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00161-JPH-MJD |
| | ) |
| PATTY LEE, Foreman I.D.O.C., | ) |
| JOHN MCPHERSON Safety Manager, | ) |
| CHAD VAN RYAN, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants Lee's and Foreman's Motion for Summary Judgment,
Denying Plaintiff's Motions for Summary Judgment,
Noting Stipulated Dismissal of Defendant Chad Van Ryan, and
Directing the Entry of Final Judgment**

Pending before the Court is the motion for summary judgment of defendants Patty Lee and John McPherson, and two motions for summary judgment of plaintiff Michael Wayne Carruthers. For the reasons discussed below, the defendants' motion is granted and the plaintiff's motions are denied. The Court also acknowledges the stipulation of dismissal of defendant Chad Van Ryan filed by the parties on October 15, 2019. Dkt. 120.

**I. Background**

Mr. Carruthers is an inmate in the Indiana Department of Correction who at all times material to this action was incarcerated at the Putnamville Correctional Facility (PCF) in Greencastle, Indiana. Ms. Lee was the foreman of PCF's pallet shop, and Mr. McPherson was its safety supervisor. Mr. Carruthers brought this 42 U.S.C. § 1983 action alleging his First and Eighth Amendment rights were violated while he worked in the pallet shop. He claims that Ms. Lee failed to personally demonstrate how to operate the pallet shop equipment, and that both Ms. Lee and Mr. McPherson failed to provide him a back brace for use when lifting heavy objects. Mr.

1

Carruthers also alleged that after he developed a hernia and made inquiries about safety matters, Ms. Lee re-classified him out of the pallet shop job. All parties seek summary judgment.

## II. Summary Judgment Legal Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ*., 870 F.3d 562, 573-74 (7th Cir. 2017). The non-moving party bears the burden of specifically identifying the relevant evidence of record. *D.Z. v. Buell*, 796 F.3d 749, 756 (7th Cir. 2015). This

is in part because summary judgment is the "put up or shut up" moment in a lawsuit. *Grant*, 870 F.3d at 568.

The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). The Court will consider each party's motion individually to determine whether that party has satisfied the summary judgment standard. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citing *Celotex*, 477 U.S. at 324).

### III. Summary Judgment Filings in This Action

The Court has reviewed the motions, responses, and replies. The defendants' June 14, 2019, motion for summary judgment, dkt. 77, was followed by Mr. Carruthers' July 10, 2019, cross-motion for summary judgment, dkt. 93, and response in opposition to defendants' motion for summary judgment, dkt. 95. Mr. Carruthers also filed a second cross-motion for summary judgment, dkt. 97, and a second response in opposition to defendants' motion for summary judgment, dkt. 98. These appear to be duplicates of the first cross-motion and response, typed in a different font. These filings were followed by Mr. Carruthers' recruited counsel's supplemental brief in support of his motion for summary judgment and in opposition to defendants' motion for summary judgment, dkt. 101, defendants' motion to strike the supplemental brief, dkt. 103, and recruited counsel's response to the defendants' motion to strike, dkt. 107. Defendants filed their reply to Mr. Carruthers' motions for summary judgment. Dkt. 124. Evidentiary materials submitted with the briefs have also been considered.

## IV. Facts of the Case

Consistent with the legal standards set out above, the following material facts are taken as true for purposes of summary judgment. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 808 (7th Cir. 2014). That is, these facts are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and any disputed evidence are presented in the light most favorable to the non-moving party. *Whitaker v. Wisc. Dep't of Health Serv's*, 849 F.3d 681, 683 (7th Cir. 2017).

From March 2017 through April 2018, Mr. Carruthers was incarcerated at PCF. Dkt. 78-1 (plaintiff's deposition) at pp. 25-26. He worked in the facility's pallet shop from April 17, 2017, through October 31, 2017. *Id.* at p. 25. During all times relevant to this lawsuit, Patty Lee was the pallet shop's foreman, and John McPherson was its safety manager. Dkt. 78-2 at pp. 114, 117.

When Mr. Carruthers began work in the pallet shop, an orientation was given at which Ms. Lee provided Mr. Carruthers certain safety information. Dkt. 78-1 at pp. 35-37. Thereafter, a daily safety meeting was held to go over different safety issues. *Id.* at pp. 61-63. Mr. Carruthers worked at several jobs such as sweeping, sorting wood, building pallets, operating a Trac saw, and operating a dual head saw. *Id.* at pp. 47-48, 50-52, 72-73. Operating the saws including having to collect discarded wood into a can or barrel and then moving it to a larger receptacle. *Id.* at pp. 57-59. Mr. McPherson would walk through the shop to ensure everything was safe, and then talk with Ms. Lee and another IDOC employee. *Id.* at pp. 115-16.

Believing he needed a back brace, Mr. Carruthers asked Ms. Lee for one. *Id.* at 70. Ms. Lee advised Mr. Carruthers that he had to obtain one from medical providers, who in turn would not give him one. *Id.* Mr. Carruthers continued to ask for a back brace, and Ms. Lee continued to tell him he had to obtain one from medical providers. *Id.* at pp. 81-82.

Sometime around October 13, 2017, Mr. Carruthers complained to medical providers about groin pain, which was diagnosed as a hernia. Dkt. 78-5 (medical record). A physician provided Mr. Carruthers a "hernia belt" to wear and counseled him that he might have to change jobs to light duty. *Id* (noting "[i]f further problems will need to be taken off current job."); dkt. 78-1 at pp. 87-88. Mr. Carruthers was never told that a back brace would have prevented a hernia. Dkt. 78-2 at p. 130.

Mr. Carruthers then told Ms. Lee and Mr. Van Ryn that he needed to be on light duty. *Id.* at p. 89. But Ms. Lee told Mr. Carruthers that there was no light duty available in the pallet shop. *Id.* at p. 92. Then on October 31, 2017, Mr. Carruthers was reclassified out of the pallet shop. Dkt. 78-3 (Offender Evaluation and Performance Report). Ms. Lee wrote on the evaluation form:

> Offender Carruthers progressed very well in his 6 months working at Pallet Shop. He started at building pallets, then operated 3 saws, incline saw, dual head saw, & chop saw. He worked well with co-workers, good attendance, and was respectful on the job. Unfortunately he acquired a hernia & is being treated by medical. For his safety please reclass per Safety Hazard Manager for protection of his health. And do not punish in any way, allowing him to get in another D.O.C. program right away. Reclass.

*Id.*; dkt. 94 at p. 7 (plaintiff's exhibits).

Mr. Carruthers candidly admitted during his deposition that at the time he was reclassified, his hernia would give him pain when he stood too long, and that his pallet shop job required him to stand for eight hours each day. Dkt. 78-1 at p. 111.

## IV. Discussion

Mr. Carruthers' First Amendment claim alleges that Ms. Lee reclassified him out of the pallet shop job in retaliation for his asking for safety materials. Mr. Carruthers' Eighth Amendment

claim alleges that Ms. Lee and Mr. McPherson were deliberately indifferent to his health and safety because they did not provide him a back brace.[1]

**A. Eighth Amendment Claim**

Ms. Lee and Mr. McPherson argue that they could not have been deliberately indifferent to Mr. Carruthers because working in the pallet shop without a back brace does not present a significant risk of harm.

To prevail on a claim of deliberate indifference to health and safety, a plaintiff must show that (1) he was exposed to a "substantial risk to his or her health or safety," and (2) the defendant was "deliberately indifferent to the substantial risk." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012); *see also Campbell v. Kallas*, 936 F.3d 536, 544-45 (7th Cir. 2019); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Deliberate indifference means a culpable state of mind equivalent to criminal recklessness. *Rivera v. Gupta*, 836 F.3d 839, 842 (7th Cir. 2016). As to the substantial risk element, also called the objective element, the plaintiff must show that he faced a risk of harm that was "almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005).

Here, the possibility of a back injury occurring in the pallet shop was obviously a concern given the parties' acknowledgment that pallet shop safety sessions were held every morning and back injuries were a frequent topic. But the question is not whether Ms. Lee and Mr. McPherson could have provided Mr. Carruthers with a back brace, or even whether they knew that

---

[1] Mr. Carruthers also contends that Ms. Lee failed to train him in the safe operation of the saws he operated. Because he has alleged no injury caused by operation of the saws, this assertion fails to state a claim upon which relief can be granted. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) ("'[w]hen assessing an Eighth Amendment claim, we look for physical injury 'that a reasonable doctor or patient would find important and worthy of comment or treatment'") (quoting *Hayes v. Snyder*, 546 F.3d 516, 523 (7th Cir. 2008)).

6

Mr. Carruthers might suffer a back injury while working in the pallet shop. That's because negligence, even gross negligence, does not rise to the level of Eighth Amendment cruel and unusual punishment. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.")

A substantial risk is not one that might or could happen; rather the risk must be "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." *Helling v. McKinney*, 509 U.S. 25, 33, 34-35 (1993). The substantial risk of serious harm" is an "objectively intolerable risk of harm." *Farmer v. Brennan*, 511 U.S. 825, 842, 846, & n.9 (1994).

Here, no reasonable finder of fact could conclude that not providing Mr. Carruthers with a back brace was "sure or likely" to cause an injury. The injury that Mr. Carruthers suffered was not to his back, but a hernia. And there is no evidence that the hernia was caused by the failure to wear a back brace, or that a back brace would have prevented a hernia. Dkt. 84-1 at pp. 99-100; dkt. 84-2 at pp. 101-130.

Additionally, the designated evidence that safety sessions were conducted every morning, and that back injuries were a frequent topic, demonstrates that Ms. Lee and Mr. McPherson were not indifferent to, or that they ignored, the possibilities of back injuries. This evidence tends to show that Ms. Lee and Mr. McPherson took action to prevent back injuries.[2]

Ms. Lee and Mr. McPherson are entitled to summary judgment on Mr. Carruthers' Eighth Amendment claim.

---

[2] It is also worth noting there is no designated evidence showing that Mr. Carruthers ever asked Mr. McPherson for a back brace.

### B. First Amendment Claim

To survive summary judgment on his First Amendment retaliation claim, Mr. Carruthers must identify admissible evidence showing that his re-classification was motivated at least in part by his exercise of free speech when he asked for copies of the pallet shop's safety materials, and that Ms. Lee's reclassification would likely deter Mr. Carruthers from exercising his free speech rights in the future. *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013).

At the pleading and screening stage, Mr. Carruthers only had to make the allegation of retaliation to proceed. But at the summary judgment stage, where he must "put up or shut up," *see Grant*, 870 F.3d at 568, Mr. Carruthers has failed to provide any evidence to support the claim. Mr. Carruthers has conducted discovery and been deposed, yet the only evidence as to Ms. Lee's motive is the Offender Evaluation and Performance Report which Mr. McPherson and Ms. Lee provided. Dkt. 78-3; dkt. 94 at p. 7. The report is clear that Mr. Carruthers was reclassified to protect his health. *Id.* Mr. Carruthers testified that Ms. Lee once said to him in response to his asking about what safety equipment they were supposed to have, "Well, you know, if you feel that way, you don't need to be working down there." Dkt. 78-2 p. 118. But that does not change the medical necessity of the reclassification. The physician who diagnosed Mr. Carruthers's hernia told him that "further problems" with the hernia would require a job change, dkt. 78-5, and Mr. Carruthers then told Ms. Lee and Mr. Van Ryn that he needed to be on light duty, *id.* at p. 89. Moreover, Mr. Carruthers admitted that even in a slightly less-strenuous job in the pallet shop, he had to stand eight hours a day, and standing caused his hernia to hurt. Dkt. 78-2 at pp. 101-114. After his reclassification, Mr. Carruthers sought medical attention for his hernia ten or eleven times, and eventually had surgery for its repair. *Id.* at pp. 107, 113.

Mr. Carruthers' implicit argument is that because his reclassification occurred at about the same time he was asking for copies of the safety materials, Ms. Lee's motive for the reclassification was to retaliate. But pointing to coincidental timing is insufficient to defeat a motion for summary judgment because "[b]y itself, temporal proximity would not normally create an issue of material fact as to causation." *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 506 (7th Cir. 2004). The same would be true about coincidental timing not being sufficient to create a material issue of fact as to intent or motive. Speculative theories of a case cannot defeat an evidence-based motion for summary judgment. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

No reasonable trier of fact could find that Mr. Carruthers has met his obligation to present a prima facia case of retaliation for his First Amendment activities. He has not presented evidence to suggest that despite the Offender Evaluation and Performance Report, there is a genuine issue of material fact as to Ms. Lee's motivation for the reclassification. Ms. Lee is entitled to summary judgment on this claim.

## V. Conclusion

Defendants Ms. Patty Lee's and Mr. John McPherson's motion for summary judgment, dkt. [77], is **granted**. Plaintiff Michael Wayne Carruthers' motions for summary judgment, dkt. [93] & dkt. [97], are **denied**. Final judgment consistent with this Order, the Stipulation of Dismissal filed October 15, 2019, dkt. [120], and the screening Order of June 18, 2018, dkt. [17], shall now enter. This action is **dismissed** with prejudice.

**SO ORDERED**.

Date: 3/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Wayne Carruthers
910472
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Robert L. Burkart
Ziemer Stayman Weitzel & Shoulders
rburkart@zsws.com

Ryan Lee Garner
Rocap Law Firm LLC
rlg@rocap-law.com

Marley Genele Hancock
Indiana Attorney General
marley.hancock@atg.in.gov

Richard A. Rocap
Rocap Law Firm LLC
rar@rocap-law.com

Daniel F. Rothenberg
Indiana Attorney General
daniel.rothenberg@atg.in.gov